SARTAIN, Judge.
This matter is before us on writs. The plaintiff is the father of Mona Trahan, a minor, who is a student at Terrebonne High School B. The defendants are Earl Baudoin, principal, and his employer, the Terrebonne Parish School Board.
Plaintiff’s daughter is purported to have been involved in an altercation with another student. As a result of her alleged participation in the affair she was suspended from school by the principal for a period of three days. The morning following the incident plaintiff instituted suit, claiming that his daughter was the victim of an assault rather than a participant and further averred that the suspension would deprive her of the opportunity of taking six-week examinations thereby causing her irreparable injury and interfering with her education.
A temporary restraining order was issued enjoining the defendants from effecting the suspension. Pertinent pleadings filed by defendants are a dilatory exception of prematurity, declinatory exceptions to the district court’s lack of jurisdiction over the person and the subject matter, and peremptory exceptions of no cause and no right of action. Coupled with these exceptions was a motion to dissolve the temporary restraining order.
The trial judge overruled each exception and denied the motion to dissolve the restraining order whereupon defendants sought and obtained the instant writ. It was agreed by all parties that pending our decision on the rulings of the trial judge relative to the exceptions that disciplinary action would be stayed thus eliminating the necessity of continual renewals of the restraining order.
We are of the opinion that the trial judge erred in failing to sustain the exception of prematurity and to grant the motion dissolving the restraining order.
The statute with which we are concerned is L.R.S. 17:416, the applicable portion thereof reads as follows:
“ § 416. Discipline of pupils; suspension ; expulsion; hearing; appeal
A. Every teacher is authorized to hold every pupil to a strict accountability for any disorderly conduct in school or on the playgrounds of the school, on the street or road while going to or returning from school, or during intermission or recess. School principals may suspend from school any pupil who is guilty of willful disobedience; who treats with intentional disrespect a teacher, principal, superintendent, member or employee of the local school board; who makes against any one of them an unfounded charge; who uses unchaste or profane language; who is guilty of immoral or vicious practices, or of conduct or habits injurious to his associates; who uses tobacco or alcoholic beverages in any form in school buildings or on school *742 grounds; who disturbs the school and habitually violates any rule; who cuts, defaces or injures any part of public school buildings, or any property belonging to said buildings; or who writes any profane or obscene language or draws obscene pictures in or on any school material or on any public school premises, or on any fence, pole, sidewalk or building on the way to or from school; or who is found carrying firearms, knives, or other implements which can be used as weapons, the careless use of which might inflict harm or injury; or who throws missiles on the school grounds liable to injure other pupils; or who instigates or participates in fights while under school supervision; or who violates traffic and safety regulations; or who leaves the school premises without permission; or who leaves his classroom during class hours or detention without permission; or who is habitually tardy or absent; or who commits any other serious offense. Notice in writing of the suspension and the reasons therefor shall be given to the parent or parents of the pupil suspended. Any parent of a pupil suspended shall have the right to appeal to the parish superintendent of schools, who shall conduct a hearing on the merits. The decision of the superintendent of schools on the merit of the case, as well as the term of suspension, shall be final, reserving the right to the superintendent of schools to remit any portion of the time of suspension. A pupil suspended for damages to any property belonging to the school system shall not be readmitted until payment in full has been made for such damage or until directed by the superintendent of schools.
* * * * * * »
Defendants contend that the statute requires that plaintiff must apply to the Superintendent of Schools for review of the decision of the principal to suspend and his failure to do so supports the exception of prematurity.
Defendants also urge that under the provisions of the statute the suspension of plaintiff’s minor daughter is a disciplinary matter which can only be reviewed by the Superintendent whose decision is final and therefore the district court lacks jurisdiction over the person of the student. Further, they argue that since the statute fails to provide for judicial review in suspension matters that the court is also without jurisdiction over the subject matter.[1]
The exceptions of no right and no cause of action are also premised on defendants’ argument that the statute limits plaintiff’s remedy to appeal to the Superintendent and does not authorize judicial review and particularly the provision thereof which states that the decision of the Superintendent is final.
Plaintiff counters that the statute, by specifically limiting the right of review to the Superintendent, seeks to divest the district court of original civil jurisdiction and also of its authority to review certain classes of cases, de novo, and is therefore viola-tive of Art. 7, Sections 35 and 36 respectively, of the Constitution of Louisiana. In addition they urge that the statute is contrary to the due process and equal protection clauses of the State and Federal Constitutions.
The district judge in his oral reasons for judgment viewed the statute in its procedural aspect and concluded that the requirement of appeal to the Superintendent was an administrative remedy which could not preclude the plaintiff “from the extraordinary remedy of injunction” when the plaintiff has alleged irreparable injury. In essence the judge, a quo, held that plaintiff had two choices, either appeal to the Superintendent or seek injunctive relief in the court. He stated that the latter option “cuts across all administrative remedies which might be available”.
*743 We believe that it is within the constitutional authority of the Legislature to prescribe the procedures to be followed relating to disciplinary matters in the conduct of the public schools. In Estay v. Lafourche Parish School Board, 230 So.2d 443 (1st La.App., 1969), we stated that school personnel at the administrative level were in a better position to manage and operate the affairs of public schools than the courts and that any other policy would result in confusion inimical to the welfare and efficiency of our public school system. This is not to say that a court of law is precluded from reviewing purely administrative actions when those in positions of responsibility act in an arbitrary or capricious manner. While Estay dealt with a school regulation, we think the principle announced therein is just as applicable to disciplinary matters.
A review of Section A of the statute, supra, can lead to two interpretations. If it is considered in its strictest sense, that is that the decision of the Superintendent is beyond judicial review, then undoubtedly the statute is unconstitutional because absent specific constitutional authority to the contrary, the responsibility rests with the courts to determine what is within or beyond its scope of review. On the other hand, if the statute is viewed as an administrative procedure, as it was by the trial judge, then it is clearly constitutional and does not violate the due process or equal protection provisions of either the State or Federal Constitutions. It simply means that review by the Superintendent of an imposed suspension is the last step in the administrative procedure within the school system. It is axiomatic that where a statute is susceptible of two interpretations, one which will give it validity and the other render it unconstitutional, it is the duty of the court to adopt the former view and uphold its constitutionality as an expression of the legislative will.
We are not impressed with the argument that because the statute in Sections B, C and D provide for judicial review in expulsion matters that it necessarily implies the impossibility of judicial review in suspension matters. It is evident to us from a perusal of the statute that the Legislature deemed it wise to involve the Superintendent and the School Board in matters of expulsion and limit the involvement in matters of suspension to review by the Superintendent. If a party considers the action of the Superintendent arbitrary and capricious he may then seek relief from the courts.
At a hearing on the exceptions only one witness testified. He was Mr. Henry M. Breaux, Superintendent of Schools of Ter-rebonne Parish. He stated that in all matters of suspension his office makes an immediate investigation when requested to do so and that such investigation is either the same day and usually no later than the following day. If the decision of the principal is sustained then the suspension stands. If the decision of the principal is modified or revoked then the student is given the instruction that is missed and the record reflects an absence without prejudice rather than suspension. The practicality of the statute and the procedure involved is evident in the instant matter. Assuming plaintiff’s position that his daughter was a victim of assault rather than a willful participant in a fracas and had he appealed to the Superintendent, this matter would have been resolved either that afternoon or the next morning and his child would have received any classroom instruction that she might have missed together with the six-week tests. It is for this reason that we feel that public policy dictates that the administrative remedy set forth by the statute is in the best interest of the students and of our school system and should be adhered to.
Inasmuch as we are of the opinion that the exception of prematurity should have been sustained and the motion to dissolve dismissed, it is not necessary for us to delve into the merits of the remaining exceptions.
*744 Accordingly, for the above and foregoing reasons, the writs previously issued herein are made peremptory and the decision of the district judge overruling the exception of prematurity and the motion to dissolve the restraining order is reversed and set aside and the exception and the motion are hereby sustained and granted and plaintiff’s suit is dismissed at his costs.
Writs made peremptory.

. Sections B, O and D of the statute deal with expulsion and provide for review by the Superintendent, the School Board and finally the court.